IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 15 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01862-ZLW

JOHN F. HAMMONDS,

　　Plaintiff,

v.

DONALD ANDREOLI, Individually and in his official capacity,
ROBERT GARCIA, Individually and in his official capacity, and
RHONDA HESSLINK, Individually and in her official capacity,

　　Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff John F. Hammonds has filed *pro se* on December 1, 2005, a "Motion to Show Cause and Reinstatement of Action." In the motion Mr. Hammonds asks the Court to reconsider the Court's Order and Judgment of Dismissal filed in this action on November 10, 2005, and reinstate the instant action. The Court must construe the motion liberally because Mr. Hammonds is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the liberally construed motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Hammonds alleges that he mailed the motion to the Court on November 25, 2005. Pursuant to the prisoner mailbox rule, **see Houston v. Lack**, 487

U.S. 266, 270 (1988), the Court finds that the motion to reconsider was filed within ten days after the Order and Judgment of Dismissal. **See** Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the Court will consider the liberally construed motion to reconsider pursuant to Rule 59(e). **See Van Skiver**, 952 F.2d at 1243.

The Court dismissed the instant complaint and the action without prejudice because Mr. Hammonds failed either to pay an initial partial filing fee as directed or to show cause why he is unable to pay the initial partial filing fee. Mr. Hammonds alleges in the motion to reconsider that he tried to pay the initial partial filing fee within the time allowed and that it is not his fault the funds to pay the initial partial filing fee were not mailed to the Court.

Upon consideration of the entire file, the Court finds that Mr. Hammonds fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Hammonds does not dispute the fact that the initial partial filing fee in this action was not paid. Although he argues that he is not at fault, it is his responsibility to ensure that the proper filing fee payments are made. Mr. Hammonds provides no explanation for his failure to ensure that the initial partial filing fee payment was made in a timely manner or to inform the Court in a timely manner why the initial partial filing fee payment was not made. Therefore, the motion to reconsider will be denied. However, Mr. Hammonds is reminded that, because the instant action was dismissed without prejudice, he may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that the "Motion to Show Cause and Reinstatement of Action" filed on December 1, 2005, is denied.

DATED at Denver, Colorado, this 14 day of Dec., 2005.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01862-OES

John F. Hammonds
Prisoner No. 53767
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  12-15-05

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk